# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF FOR HABEAS AND SECTION 2255 CASES

**No.** 15-6121,    <u>US v. Cesar Sierro-Pineda</u>

5:11-cr-00022-RLV-1, 5:14-cv-00063-RLV

FILED

FEB 24 2015

U.S. Court of Appeals
Fourth Circuit

## 1. Jurisdiction
A. Name of court from which you are appealing: U.S. DISTRICT COURT W.D NORTH CAROLINA

B. Date(s) of order or orders you are appealing: OCTOBER 14, 2014, ORDER

## 2. Timeliness of notice of appeal (for prisoners)
Exact date on which notice of appeal was placed in institution's internal mailing system for mailing to District Court: DECEMBER 11, 2014

SEE 5:14-CV-00063-RLV

## 3. Certificate of Appealability
Did the district court grant a certificate of appealability?   Yes [ ] No [✓]

If Yes, do you want the Court of Appeals to review additional issues that were not certified for review by the district court?    Yes [✓] No [ ]

If Yes, **you must** list below the issues you wish to add to the certificate of appealability issued by the district court. If you do not list additional issues, the Court will limit its review to those issues on which the district court granted the certificate.

ISSUE:
THE DISTRICT COURT'S FACT-FINDING PROCESS ITSELF WAS DEFICIENT.

## 4. Issues on Appeal
Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider on appeal. You must include any issue you wish the Court to consider, regardless of whether the district court granted a certificate of appealability as to that issue. You may cite case law, but citations are not required.

**Issue 1.** DISTRICT COURT ERRED IN NOT GRANTING AN EVIDENTIARY HEARING TO RESOLVE FACTUAL DISPUTE

**Supporting Facts and Argument.**

PLEASE SEE ATTACHED PAGES.

**Issue 2.** DISTRICT COURT ERRED BY/IN NOT DIRECTING TRIAL COUNSEL TO SUBMIT AN AFFIDAVIT ADMITTING OR DENYING ALLEGATIONS

**Supporting Facts and Argument.**

PLEASE SEE ATTACHED PAGES

**Issue 3.** DISTRICT COURT ERRED IN RESOLVING/DECIDING SUA SPONTE FACTS THAT ARE UNCONTESTED AND NOT ON THE RECORD

**Supporting Facts and Argument.**

PLEASE SEE ATTACHED PAGES

**Issue 4.** DISTRICT COURT'S FACT FINDING PROCESS WAS DEFECTIVE

**Supporting Facts and Argument**

PLEASE SEE ATTACHED PAGES

## PRELIMINARY STATEMENT

The record contains no affidavit from counsel explaining his actions or lack thereof. There is no affidavit or testimony from Petitioner's trial counsel explaining his defense strategy. Consequently, "[a court has] no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." United States v. Ferguson, 669 F.3d 756, 763 (6th Cir. 2012) (internal quotation marks and citation omitted); see also United States v. McCarthy, 628 F.3d 284, 295-96 (6th Cir. 2010) (holding that when the appellate record "consists largely of unsubstantiated allegations without affidavits from defense counsel or [the defendant]," it is not adequately developed). Nor does the record permit a thorough evaluation of the prejudice, if any, resulting from any alleged deficiencies.

In the present case the district court was left to guess at counsel's motives and strategy, if any. The district court's determination that counsel's advice to forgo a written plea agreement was a strategic one is a factual determination requiring a credibility determination, or at least the receipt of evidence outside of the present record; thus, the district court erred in not ordering an evidentiary hearing. Witherspoon, 231 F.3d at 925-27. The district court's decision was premised on surmise or speculation.

The record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant and evidentiary hearing. For this reason, this Court of Appeal should Vacate and remand the case instructing the

district court to conduct a hearing.

ISSUE ONE: DISTRICT COURT ERRED IN NOT GRANTING AN EVIDENTIARY
HEARING TO RESOLVE A FACTUAL DISPUTE

The record contains no affidavit from counsel
explaining his actions or lack thereof. There is no affidavit
or testimony from Petitioner's trial counsel explaining his
defense strategy. There is no way of knowing whether a
seemingly unusual or misguided action by counsel had a sound
strategic motive. The record does not permit a thorough
evaluation of the prejudice, if any, resulting from any
alleged deficiencies. Petitioner was not allowed to present
any additional evidence.

Petitioner submits that he has presented a substantial
issue which would allow a reasonable jurist to conclude that
the District Court's decision may be in error and that this
specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this
honorable Court of Appeal Grant a COA on this specific issue.

ISSUE TWO: DISTRICT COURT ERRED BY NOT DIRECTING TRIAL COUNSEL
TO SUBMIT AN AFFIDAVIT ADMITTING OR DENYING ALLEGATIONS

The record contains no affidavit from counsel
explaining his actions or lack thereof. There is no affidavit
or testimony from Petitioner's trial counsel explaining his
defense strategy. There is no way of knowing whether a
seemingly unusual or misguided action by counsel had a sound
strategic motive. The record does not permit a thorough
evaluation of the prejudice, if any, resulting from any

alleged deficiencies. Petitioner was not allowed to present any additional evidence.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE THREE: DISTRICT COURT ERRED IN RESOLVING/DECIDING SUA SPONTE FACTS THAT ARE UNCONTESTED AND NOT ON THE RECORD

The record contains no affidavit from counsel explaining his actions or lack thereof. There is no affidavit or testimony from Petitioner's trial counsel explaining his defense strategy. There is no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive. The record does not permit a thorough evaluation of the prejudice, if any, resulting from any alleged deficiencies. Petitioner was not allowed to present any additional evidence.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE FOUR: DISTRICT COURT'S FACT FINDING PROCESS WAS DEFECTIVE

The record contains no affidavit from counsel explaining his actions or lack thereof. There is no affidavit or testimony from Petitioner's trial counsel explaining his defense strategy. There is no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive. The record does not permit a thorough evaluation of the prejudice, if any, resulting from any alleged deficiencies. Petitioner was not allowed to present any additional evidence.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE FIVE: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR HER DEFECTIVE ADVICE AND REPRESENTATION DURING PLEA NEGOTIATION PROCESS UNDER FRYE AND COOPER

In this claim, Petitioner argued that trial Counsel's advice to Petitioner was for Petitioner to enter a plea of

guilty by cooperating. Throughout pretrial, trial Counsel maintained her belief towards Petitioner's sentencing range. Counsel simply indicated that a plea of guilty would yield five to six years of imprisonment. Counsel's belief was based on Petitioner's lack of criminal history. Counsel several times indicated that Petitioner did not have any priors and this was one reason Petitioner's guilty plea would yield a five to six year sentence. Petitioner entered a guilty plea upon Counsel's advice. Petitioner's trial Counsel contacted Petitioner's relative and informed relatives the same information and asked Petitioner's relatives to be present at Petitioner's sentencing hearing and further assured them that everything was going to be alright at Petitioner's sentencing. See Exhibit: A.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE SIX: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING

PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR HER FAILURE TO INFORM AND EXPLAIN THE OPTIONS AND ALTERNATIVES TO PETITIONER SIERRO-PINEDA

Counsel Oseguera did not inform and explain the options and alternatives to Petitioner, her failure to do so was ineffective assistance of counsel. Had she done so, Petitioner would have opted to trial.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.


ISSUE SEVEN: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR HER FAILURE TO EXPLAIN THE SENTENCING GUIDELINES AND HOW THEY RELATE/APPLY TO PETITIONER

Counsel Oseguera was ineffective for her failure to explain the Sentencing Guidelines and how they relate/apply to Petitioner's case, had Counsel Oseguera explained, Petitioner would have learned the approximate exposure and would have

been able to make an informed decision as to whether to enter a plea of guilty or proceed to trial. Petitioner resulted with a life sentence, evidently Petitioner would have proceeded to trial had counsel Oseguera informed and explained the Sentencing Guidelines and how they relate and apply to Petitioner's situation. In his § 2255, Petitioner argued that information regarding the difference between the sentence exposure under a proposed plea agreement and the sentence exposure if the plea is rejected is "crucial to the decision whether to plead guilty." Day, 969 F.2d at 43.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.


ISSUE EIGHT: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE UNDER THE FRYE AND COOPER STANDARD FOR HER MISUNDERSTANDING OF THE LAW AND FAILURE TO PERFORM EFFECTIVELY DURING PLEA NEGOTIATIONS AND SENTENCING PROCESS

In his § 2255, Petitioner argued that Counsel Oseguera's belief and misunderstanding of the law in informing Petitioner Sierro-Pined that his sentencing range was five to six years was ineffective assistance of counsel.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE NINE: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE TO APPRISE PETITIONER OF THE ACTUAL CONSEQUENCES

In his § 2255, Petitioner argued that Counsel Oseguera never informed or explained to Petitioner of a potential life sentence. Not one time did Counsel Oseguera inform or explain to Petitioner of a potential life sentence.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before

denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE TEN: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR HER FAILURE TO ASSIST PETITIONER BY PROVIDING ADVICE TO PETITIONER DURING THE PLEA PROCESS

In his § 2255, Petitioner argued that Counsel Oseguera's failure to communicate the terms of the plea offer and her failure to ensure that defendant understood the proceedings surrounding the plea agreement was ineffective assistance of counsel. Petitioner did not understand, because Counsel Oseguera did not explain and inform Petitioner of the terms and consequences in signing the plea. Had Petitioner known, Petitioner would have proceeded to trial instead.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that

the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE ELEVEN: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA'S OMISSIONS AND INEFFECTIVE ASSISTANCE RENDERED PETITIONER SIERRO-PINEDA'S GUILTY PLEA "INVOLUNTARY AND UNINTELLIGENT"

In his § 2255, Petitioner argued that Petitioner's affidavit outlines the events that led to Petitioner's guilty plea. Petitioner asserted that Counsel Oseguera, failed to inform him of a potential life sentence, failed to inform him of any enhancements, preponderance of the evidence, or the United States Sentencing Guidelines and how they relate or apply to Petitioner's case.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE TWELVE: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR HER FAILURE TO INFORM PETITIONER OF THE DEPORTATION CONSEQUENCES

In his § 2255, Petitioner argued that relying on counsel's advice, Petitioner Sierro-Pineda pleaded guilty to the drug charges, which in turn made his deportation mandatory. Petitioner would have insisted on going to trial if Petitioner would not have received incorrect advice from Counsel Oseguera. Petitioner Sierro-Pineda had already applied to remain in the United States. See Exhibit: B.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.


ISSUE THIRTEEN: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING

PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR HER FAILURE TO EXPLAIN TO PETITIONER THAT HIS SENTENCE WOULD BE INCREASED BASED ON RELEVANT CONDUCT

In his § 2255, Petitioner argued that Counsel Oseguera's failure to provide guidance to Petitioner of his sentencing exposure may also constitute deficient performance. Smith v. United States, 348 F.3d 545, 553 (6th Cir. 2003). Trial Counsel failed to inform Petitioner that his sentence would be increased based on relevant conduct. Petitioner argued that had he known and had Counsel Oseguera explained that Petitioner's sentence would be increased based on relevant conduct, Petitioner wold not have entered a plea of guilty.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.


ISSUE FOUR-TEEN: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR

HER FAILURE TO INFORM AND EXPLAIN TO PETITIONER THAT THE COURT
WOULD IMPLEMENT THE PREPONDERANCE OF THE EVIDENCE STANDARD
DURING SENTENCING

In his § 2255, Petitioner argued that due to the
preponderance of the evidence, Petitioner's sentence was
enhanced to life. Counsel Oseguera was ineffective for her
failure to explain to Petitioner that the Court would
implement the preponderance of the evidence standard in
shaping Petitioner's sentence which ultimately resulted in a
life sentence.

Petitioner argues that the record does not
conclusively show that Petitioner is entitled to no relief,
the district court erred in failing to Grant an evidentiary
hearing or direct the parties to expand the record before
denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial
issue which would allow a reasonable jurist to conclude that
the District Court's decision may be in error and that this
specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this
honorable Court of Appeal Grant a COA on this specific issue.


ISSUE FIFTEEN: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE
BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO
DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING
PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR
HER FAILURE TO VISIT, INTERVIEW, AND COMMUNICATE WITH
PETITIONER DURING THE PLEA NEGOTIATION PROCESS

In his § 2255, Petitioner argued that in his

affidavit, Petitioner has clearly pointed out the actual events that transpired between counsel Oseguera and Petitioner.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary hearing or direct the parties to expand the record before denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial issue which would allow a reasonable jurist to conclude that the District Court's decision may be in error and that this specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this honorable Court of Appeal Grant a COA on this specific issue.

ISSUE SIX-TEEN: A CERTIFICATE OF APPEALABILITY SHOULD ISSUE BECAUSE THIS CLAIM IS DEBATABLE AMONG JURISTS OF REASON AND TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN DENYING PETITIONER'S CLAIM THAT COUNSEL OSEGUERA WAS INEFFECTIVE FOR HER FAILURE TO INFORM AND EXPLAIN TO PETITIONER THAT PETITIONER'S SENTENCE WOULD BE SUBJECTED TO ENHANCEMENTS BY THE COURT DURING SENTENCING

In his § 2255, Petitioner argued that had Counsel Oseguera informed and explained to Petitioner that Petitioner would be subjected to enhancements, Petitioner would not have pleaded guilty and have instead opted to trial.

Petitioner argues that the record does not conclusively show that Petitioner is entitled to no relief, the district court erred in failing to Grant an evidentiary

hearing or direct the parties to expand the record before
denying Petitioner Sierra-Pineda's § 2255 motion.

Petitioner submits that he has presented a substantial
issue which would allow a reasonable jurist to conclude that
the District Court's decision may be in error and that this
specific issue should be allowed to proceed further.

For the aforementioned reasons, Petitioner prays this
honorable Court of Appeal Grant a COA on this specific issue.

PETITIONER HAS MADE A SUBSTANTIAL SHOWING OF THE DENIAL OF
CONSTITUTIONAL RIGHTS AS TO HIS UNCERTIFIED CLAIMS

For the reasons set forth above, the District Court's
ruling on each point is subject to debate among reasonable
jurists, such that "reasonable jurists could debate whether
the petition should have been resolved in a different manner
or that the issues presented were 'adequate to deserve
encouragement to proceed further.' Slack, 529 U.S. at 484,
quoting Barefoot, 463 U.S. at 893, and n. 4. Because "jurists
of reason" would find it debatable whether the district court
was correct in its interpretation and application of the
evidence and law governing each of these claims, Petitioner
should be permitted to appeal the district court's denial of
each.

CONCLUSION

For all the aforementioned issues, this Court must
agree that the granting of a certificate of appealability is
required in order to address the constitutional violations
raised herein that according to the Supreme Court's decision

in Slack v. McDaniel, 529 U.S. 437 (2000), will encourage the matter to move further as an alternative result is warranted in the instant matter, requiring this court's intervention. Dated this 17th day of February, 2015.

Respectfully submitted,

*Cesar Sierra Pineda*

Cesar Sierro-Pineda

## CERTIFICATE OF SERVICE

I, Petitioner, Cesar Sierro-Pineda, hereby, certify and declare that on December 17, 2015, I have served the original of the following: "PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY PURSUANT TO TITLE 28 U.S.C. § 2253," which is deemed filed at the time it was delivered to prison legal mail authorities for forwarding, Houston v. Lack, 101 L.Ed.2d 245 (1998), upon the below mentioned, by placing s ame in sealed, postage prepaid envelope addressed to: "UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT, 1100 EAST MAIN STREET, SUITE 501, RICHMOND, VA 23219-3525," and deposited same in the United States Penitentiary Atwater Institutional Internal Legal Mail System at 1 Federal Way/P.O. Box 019001, Atwater, California 95301. COPY SENT TO AMY E. RAY, UNITED STATES ATTORNEY 100 OTIS STREET, RM 233, ASHEVILLE, NC 28801

I declare under penalty of perjury pursuant to the laws of the State of California and in the County of Merced, and under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my ability.

Dated this 17th day of February, 2015.

*Cesar Sierra Pineda*

Cesar Sierro-Pineda

**5 . Relief Requested**

**Identify the precise action you want the Court of Appeals to take:**

REMAND WITH INSTRUCTIONS DIRECTING DISTRICT COURT GRANT AN EVIDENTIARY HEARING.

**6 . Prior appeals (for appellants/petitioners only)**

A. Have you filed other cases in this Court? Yes [✓] No [ ]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each? DISMISSED/AFFIRMED

UNITED STATES OF AMERICA
V,
CESAR SIERRO-PINEDA,
APPEAL NO-12-5012 (4th CIR)

_Cesar Sierro Pineda_

Signature

[Notarization Not Required]

_Cesar Sierro Pineda_

[Please Print Your Name Here]

### CERTIFICATE OF SERVICE
*********************

I certify that on 2-18-2015 I served a copy of this Informal Brief on all parties, addressed as shown below:

_Cesar Sierro Pineda_

Signature

---

**NO STAPLES, TAPE OR BINDING PLEASE**

---

EXHIBIT: __A____

I Teresa Sierra, am writing this letter concerning the process that was given to Ceasar Sierro, in which he had as a Cecilia Oseguera as a lawyer. She never helped my brother in the process, the only thing she ever did was pressure him, deceive him, drown him mercilessly under stress. Every time I spoke to Cecilia she informed me of the process, she would tell me that he had no hope that what we had to convince my brother to plead guilty to the crimes the prosecutors accused him of. I communicated Cecilia Oseguera in many occasions, in which she would inform me that he had already cast an agreement with prosecutors was that if my brother pleaded guilty to the crimes he would only be prosecuted to a minimum of 5 to 10 years, she also informed us that good behavior and all these years that my brother has lived in this country in the company of his wife and 3 children more than anything that was my brothers greatest despair.

He worried that their children who in the midst of that despair would not have a shoulder to lean on. He would be mistreated and punished without meal according to Cecilia that was being done under order of the Attorney and that it was beyond her power to do anything about it. And that's how they made him cave and finally plead guilty to the crimes against his own will, at the same time still confident and hopeful that they would respect the agreements that were made between Cecilia Oseguera and the attorneys. I did not find the injustices made towards my brother fair and I certainly did not agree with the despair and false hope that was given to his children that are now left without the love of a father.

*Teresa Sierra*



## ACKNOWLEDGMENT

State of California
County of _Orange_ )

On _11/13/2014_ before me, _Paul Molina - Notary Public_
(insert name and title of the officer)

personally appeared _Teresa Sierra Pineda_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

PAUL MOLINA
Commission # 1976802
Notary Public - California
Orange County
My Comm. Expires May 27, 2016

EXHIBIT: __B____

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Action

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER WAC-94-193-51558 | | CASE TYPE I130 IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN |
|---|---|---|
| RECEIPT DATE July 7, 1994 | PRIORITY DATE July 7, 1994 | PETITIONER A91 919 463 SIERRA-DUARTE, HERNAN |
| NOTICE DATE August 15, 1994 | PAGE 1 of 1 | BENEFICIARY SIERRA PINEDA, CESAR |

HERNAN SIERRA-DUARTE
1435 WILLOW ST
ANAHEIM CA 92805

**Notice Type:** Approval Notice
Class: Unmarried child under 21 of
permanent resident, 203(a)(2)(A)
INA

The above petition has been approved.  The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status.  The evidence indicates that he or she is not eligible to file an adjustment of status application.  This determination is based on the information submitted with the petition and any relating files.  If the person for whom you are petitioning believes that he or she is eligible for adjustment of status, then he or she should contact the local INS office for more information.

Because the person for whom you are petitioning is not eligible to adjust, we have sent the approved petition to the Department of State Immigrant Visa Processing Center (TIVPC), Suite 700, 1401 Wilson Blvd, Arlington, VA 22209.  TIVPC processes all approved immigrant visa which consular post is the appropriate consulate to complete visa processing.  TIVPC will then forward the approved petition to that consulate.

This completes all INS action on this petition.  If you have any questions about visa issuance, please contact the TIVPC directly.  The telephone number to TIVPC is (703) 875-0499.

The TIVPC will communicate with the person for whom you are petitioning concerning further immigrant visa processing steps.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
WESTERN SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (714) 643-4880**



Form I-797 (Rev. 09/07/93)N